No. 22-10838

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**AUDREY BRANNON**,

Plaintiff-Appellant,

v.

**SECRETARY, DEPARTMENT OF VETERANS AFFAIRS**

Defendant-Appellee.

---

On Appeal from the United States District Court
for the Southern District of Georgia

---

**BRIEF OF APPELLEE**

---

DAVID H. ESTES
UNITED STATES ATTORNEY

Justin G. Davids
Assistant United States Attorney
United States Attorney's Office
Post Office Box 8970
Savannah, GA 31401
(912) 652-4422

No. 22-10838

Brannon v. Secretary, Department of Veterans Affairs

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

COMES NOW the Appellee Secretary, Department of Veterans Affairs, by and through David H. Estes, United States Attorney for the Southern District of Georgia, and files his Certificate of Interested Persons and Corporate Disclosure Statement as follows:

Brannon, Audrey

Davids, Justin G.

Estes, David H.

Epps, Hon. Brian K.

Hall, Hon. J. Randal

Lawrence, Georgia Alicia

Leithart, Otto Woelke

Loflin, Sheri

McDonough, Denis

Richardson, Ianna O.

Wilkie, Robert

Woolf, Stephen Wesley

C − 1 of 2

No. 22-10838
Brannon v. Secretary, Department of Veterans Affairs

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case. The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT** ......................... C-1

**STATEMENT REGARDING ORAL ARGUMENT**............................. i

**TABLE OF CONTENTS**....................................................... ii

**TABLE OF CITATIONS**...................................................... iv

**STATEMENT OF JURISDICTION** ....................................... 1

**STATEMENT OF THE ISSUE** ............................................ 1

**STATEMENT OF THE CASE** ............................................. 1

    I.    **Facts**. ............................................................... 1

    II.   **Procedural History**............................................ 4

    III.  **Standard of Review**........................................... 6

**SUMMARY OF ARGUMENT** .............................................. 7

**ARGUMENT**.................................................................. 8

    **The district court's dismissal of Brannon's
    discrimination complaint should be affirmed
    because she failed to state a hostile work
    environment claim.** ........................................................ 8

    *A.    Assuming Brannon's discrimination claims
         are not waived on appeal, they are
         time barred.*........................................................ 8

**B.    *Assuming it is not waived on appeal, Brannon's claim for retaliation based on her being denied participation on a committee is not an adverse employment action.*** .................................................. 10

**C.    *Brannon failed to allege facts supporting an inference of a Hostile Work Environment.*** ...................... 13

      1.   *Brannon's amended complaint was unclear as to whether she asserted any hostile work environment claim.* ........................................... 13

      2.   *Even assuming Brannon's amended complaint could be construed as alleging a hostile work environment claim, she still did not allege enough facts supporting the inference of such claim.* ..................................................... 14

            a.   *Brannon failed to plead facts establishing the inference of a discriminatory hostile work environment* ...................................... 17

            b.   *Brannon failed to plead facts establishing the inference of a retaliatory hostile work environment* ...................................... 20

**CONCLUSION** ..................................................................... 23

**CERTIFICATE OF COMPLIANCE AND SERVICE** ......................... 24

# <u>TABLE OF CITATIONS</u>

<u>Page(s)</u>

## <u>Cases</u>

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
  77 F.3d 364 (11th Cir. 1996) ................................................................. 13

*Anduze v. Fla. Atl. Univ.*, 151 F. App'x 875 (11th Cir. 2005) ................. 21

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 6

*Babb v. Sec'y, Dep't of Veterans Affairs*, 992 F.3d 1193
  (11th Cir. 2021) ....................................................................................... 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................. 6, 7

*Brannon v. McDonough*, No. CV 120-182, 2022 WL 163626
  (S.D. Ga. Jan. 18, 2022) ....................................................................... 5, 6

*Brown v. Snow*, 440 F.3d 1259 (11th Cir. 2006) ...................................... 9

*Burlington N. & Santa Fe Rwy. Co. v. White*,
  548 U.S. 53 (2006) ............................................................. 11, 12, 16, 22

*Chambliss v. La.-Pac. Corp.*, 481 F.3d 1345
  (11th Cir. 2007) ....................................................................................... 14

*Chaparro v. Carnival Corp.*, 693 F.3d 1333
  (11th Cir. 2012) ......................................................................................... 7

*Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249
  (11th Cir. 2012) ....................................................................................... 11

*Cummings v. Mitchell*, No. 20-14784, 2022 WL 301697
  (11th Cir. Feb. 2, 2022) ......................................................................... 14

*Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183

i

(11th Cir. 2003) ........................................................................... 6

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955
    (11th Cir. 2008) ........................................................... 13, 19, 20

*Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261
    (11th Cir. 2021) ....................................................................... 20

*Edgerton v. City of Plantation*, 682 F. App'x 748
    (11th Cir. 2017) ....................................................................... 16

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) ............................. 19

*Finizie v. Shineski*, 351 F. App'x 668 (3d Cir. 2009) ............................. 12

*Gowski v. Peake*, 682 F.3d 1299 (11th Cir. 2012) ................................... 16

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) ................................ 18, 19

*Little v. CSRA, Inc.*, 834 F. App'x 495 (11th Cir. 2020) ......................... 11

*Lopez v. Whirlpool Corp.*, 989 F.3d 656 (8th Cir. 2021) ......................... 16

*McCann v. Tillman*, 526 F.3d 1370 (11th Cir. 2008) .............................. 15

*McQueen v. Ala. Dep't of, Trans.*, 769 F. App'x 816
    (11th Cir. 2019) ....................................................................... 12

*Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999) ...................... 18

*Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739
    (11th Cir. 1996) ......................................................................... 9

*Monaghan v. Worldpay US, Inc.*, 955 F.3d 855
    (11th Cir. 2020) .................................................................. 11, 16

*Mosley v. MeriStart Mgmt. Co.*, 137 F. App'x 248
    (11th Cir. 2005) ....................................................................... 18

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)..... 14, 15

*Newbauer v. Carnival Corp.*, 26 F.4th 931 (11th Cir. 2022) .................... 7

*Noviello v. City of Boston*, 398 F.3d 76 (1st Cir. 2005) ........................... 16

*Nurse v. City of Alpharetta*, 775 F. App'x 603
    (11th Cir. 2019) ............................................................................... 19, 20

*Osahar v. U.S. Postal Serv.*, 297 F. App'x 863
    (11th Cir. 2008) ...................................................................................... 9

*Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016).................... 6

*Shiver v. Chertoff*, 549 F.3d 1342 (11th Cir. 2008) .................................. 8

*Tarmas v. Sec'y of Navy*, 433 F. App'x 754 (11th Cir. 2011) ................... 9

*Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361
    (11th Cir. 2007) .................................................................................... 21

*Thomas v. Esterle*, No. 21-10638, 2022 WL 2441562
    (11th Cir. July 5, 2022) ....................................................................... 15

*Tie Qian v. Sec'y, Dep't of Veterans Affairs*, 432 F. App'x 808
    (11th Cir. 2011) ...................................................................................... 8

*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313
    (11th Cir. 2015) .................................................................................... 14

*Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001) .................. 8

## **Regulations**

29 C.F.R. § 1614.105(a)(1) ............................................................................ 9

iii

## **Rules**

11th Cir. R. 25-3(a) ................................................................24

Fed. R. App. P. 25(c)(1)(D) ....................................................24

Fed. R. App. P. 32(a)(5) .........................................................24

Fed. R. App. P. 32(a)(6) .........................................................24

Fed. R. App. P. 32(a)(7)(B) ....................................................24

Fed. R. App. P. 34(a)(2)(C) .......................................................i

Federal Rule of Civil Procedure 10(b) ....................................13

Federal Rule of Civil Procedure 12(b)(6) .............................5, 6

## **Statutes**

28 U.S.C. § 794(a)(1) ...........................................................8, 9

28 U.S.C. § 1291 .....................................................................1

28 U.S.C. § 1331 .....................................................................1

29 U.S.C. § 701 .......................................................................4

42 U.S.C. § 2000e ...................................................................5

42 U.S.C. §§ 2000e-16(b) .......................................................9

## STATEMENT OF JURISDICTION

The district court had jurisdiction of this civil case under 28 U.S.C. § 1331. This Court has jurisdiction over appeals of a district court's final order under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court's erred in dismissing Brannon's discrimination complaint because she failed to state a hostile work environment claim?

## STATEMENT OF THE CASE

### I.    Facts.

In 2015, Audrey Brannon, an African-American woman with diabetes, was a VA social worker and registered dietician at the Charlie Norwood Veterans Affairs Medical Center in Augusta, Georgia. (Doc. 18, ¶¶ 10, 12.)[1]

On November 11, 2015, Brannon's manager issued her a written warning that her work performance was unacceptable. (Doc. 6-1 at 6, 9.)

---

[1] "Doc." refers to the district court's ECF docket in Case No. CV 120-182 (S.D. Ga.).

1

As a result, Brannon was placed on a performance improvement plan (PIP), which provided her an opportunity to improve. (Doc. 6-1 at 6, 9; Doc. 18, ¶ 76; Doc. 1-1 at 3.) Brannon contended this PIP was "contrary to [her employer's] policies" and her prior performance reviews. (Doc. 18, ¶ 18, 64, 68, 78, 79.) The PIP was terminated on February 29, 2016, because Brannon improved her performance to an acceptable level. (Doc. 6-1 at 6.) However, her manager explained that Brannon must continue to successfully perform until November 11, 2016, or she would "be reassigned, reduced in grade, or removed without being afforded another opportunity to improve." (Doc. 6-1 at 6.)

By October 31, 2016, Brannon's manager informed her that her performance was again unacceptable due to her nutritional assessments falling below the 90 percent standard. (Doc. 6-1 at 7.) On November 30, 2016, the Acting Chief of Nutrition and Food Services proposed removing Brannon. (Doc. 6-1 at 9.) Brannon contended that this removal "was excessive," and that her performance "was evaluated differently than similarly situated non-white (sic) employees, non-disabled employees, and employees who had not engaged in protected activity," including that her supervisor "cherry picked unsupportable data to justify career

2

termination and create a false narrative." (Doc. 18, ¶¶ 85-89.) However, the VA ultimately did not remove Brannon. (Doc. 18, ¶ 91.)

Like some other employees, Brannon occasionally worked a weekend rotation, which was scheduled once every 3 to 6 months. (Doc. 18, ¶ 15; Doc. 1-1 at 5, 6.) While Brannon's performance was being monitored, she was not permitted to work on these weekend rotational shifts. (Doc. 1-1 at 5.) She contended that the "denial of the weekend rotational shift was pretextual" and was "based on falsified and untrue performance reasons." (Doc. 18, ¶¶ 61-62.) Brannon's EEO complaint reflects this occurred in 2015. (Doc. 1-1 at 5.)

In her amended complaint, Brannon contended that her supervisor (who was white) wrongly fired another registered dietician (who was black), and that her supervisor asked Brannon to falsely testify against the other black dietician, which Brannon refused to do. (Doc. 18, ¶¶ 32-41.) Brannon claimed her supervisor asked her to lie based on Brannon's race. (Doc. 18, ¶¶ 42-45.) Brannon did not include in her amended complaint when this incident occurred, although her EEO complaint suggested this occurred "a few years prior." (Doc. 1-1 at 5.)

On March 20, 2017, Brannon contacted a counselor with the Equal Opportunity Commission. (Doc. 6-2.) On July 5, 2017, Brannon filed a formal complaint alleging three adverse actions that occurred prior to her contact with the EEO counselor: (1) she was denied permission to work weekend rotational shifts; (2) she was placed on a PIP; and (3) she was threatened with firing. (Doc. 1-1 at 3-7.) Brannon also alleged retaliation after she contacted the EEO counsel, specifically that in April 2017 she was denied permission to participate on a committee, a "April 2017 Annual Black History Special Emphasis Program held at their VA," that would have taken approximately 1 or 2 hours. (Doc. 1-1 at 6; Doc. 18, ¶¶ 47-48.) Brannon claims she was denied the opportunity to participate based on her race and disability. (Doc. 18, ¶¶ 51-52, 55, 59.) On September 10, 2020, the EEO issued its final decision, concluding that the evidence did not support Brannon's claim of discrimination and reprisal. (Doc. 6-3.)

## II.    Procedural History.

Brannon sued the Secretary of the Department of Veterans Affairs in six counts: (1) violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*—harassment; (2) violation of the Rehabilitation Act—

4

retaliatory harassment; (3) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*—race harassment; 4) violation of Title VII—retaliatory harassment; (5) violation of Title VII—disparate treatment; (6) violation of the Rehabilitation Act—disparate treatment.[2] (Doc. 18.)

The district court granted the government's motion to dismiss Brannon's complaint under Federal Rule of Civil Procedure 12(b)(6).  *See Brannon v. McDonough*, No. CV 120-182, 2022 WL 163626 (S.D. Ga. Jan. 18, 2022).  The district court found that all of Brannon's claims, except two, were time barred because they did not occur within 45 days of her contacting the EEO.  *Id*. at *2.  As to the remaining retaliation claims, the district court found Brannon failed to allege facts supporting an adverse employment action.  *Id*. at *5.

Despite setting out her claims in individual counts, Brannon attempted to get around the time bar by asserting her claims were not "discrete employment actions," but rather they alleged a hostile work environment.  *Id*. at *3.  The district court concluded that Brannon failed

---

[2] On appeal, Brannon abandons Counts 5 and 6, the disparate treatment claims.  (Brannon Br. 11.)

to specifically allege a hostile work environment claim in her complaint. *Id.* at *4. But, even if she did, it would be dismissed because she did not plead facts constituting an abusive work environment. *Id.* at *4.

Brannon filed a timely notice of appeal. (Doc. 33.)

## III. Standard of Review

This Court reviews de novo a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). "We accept, as we must at this stage, the allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). "To survive a Rule 16(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1347-48 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means a plaintiff must plead enough "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1348 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Vague, speculative and conclusory allegations, however, do not suffice and "'the court does

6

not have to assume their truth.'" *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

## SUMMARY OF ARGUMENT

Brannon's amended complaint failed to allege facts supporting even the inference of a discriminatory or retaliatory hostile work environment. Her alleged facts are mostly vague and conclusory, and those that are not still do not rise to the level of being either severe and pervasive, or so significant as to dissuad a reasonable worker from making or supporting a charge of discrimination.  For these reasons, the district court did not err in dismissing Brannon's amended complaint for failure to state a claim.

## ARGUMENT

### The district court's dismissal of Brannon's discrimination complaint should be affirmed because she failed to state a hostile work environment claim.

On appeal, Brannon's arguments focus on whether the district court properly dismissed her hostile work environment claim. (Brannon Br. 13-21.) Thus, she has abandoned any discrimination or retaliation claims outside of a hostile work environment allegation. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1332 (11th Cir. 2001); *see also Tie Qian v. Sec'y, Dep't of Veterans Affairs*, 432 F. App'x 808, 810 (11th Cir. 2011) ("An appellant ordinarily is considered to have abandoned any claim not raised in his initial brief.").

### A. Assuming Brannon's discrimination claims are not waived on appeal, they are time barred.

The Rehabilitation Act "prohibits federal agencies from discriminating in employment against otherwise qualified individuals" on the basis of race or disability. *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008). "The remedies, procedures, and rights of Title VII are available to plaintiffs filing complaints under the Rehabilitation Act." *Id.* (citing 28 U.S.C. § 794(a)(1)).

8

Under both Title VII and the Rehabilitation Act, federal employees must initiate administrative review of alleged discrimination or retaliation within 45 days of the alleged action. *See id.* (citing 42 U.S.C. §§ 2000e-16(b); 29 C.F.R. § 1614.105(a)(1)). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Id.* (citing *Brown v. Snow*, 440 F.3d 1259, 1265-65 (11th Cir. 2006)). Thus, a discrete discriminatory act that occurs more than 45 days prior to an employee's initial EEOC contact is not actionable. *See Tarmas v. Sec'y of Navy*, 433 F. App'x 754, 76 (11th Cir. 2011). As to a retaliation claim, the 45-day clock begins when the complained-of employment action is taken by the employer. *See Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citing *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)).

In this case, Brannon first contacted an EEO counselor on March 20, 2017. (Doc. 6-2.) Therefore, any discriminatory act (or retaliatory employment action occurring before the EEO contact) had to occur no later than February 4, 2017. But, most of Brannon's complained actions occur well before that date. For example, Brannon's PIP began on

9

November 11, 2015. (Doc. 6-1 at 6.) The decision not to allow her to work a weekend rotational shift occurred in December 2015. (Doc. 1-1 at 8.) Additionally, Brannon received notice of her proposed removal from employment on November 30, 2016. As to Brannon's allegations that her supervisor attempted to get her to testify against another black worker, Brannon does not state when this occurred except that it was "a few years" before her EEO complaint. (Doc. 1-1 at 6.) Because each of these discrete actions occurred more than 45 days prior to her first EEO contact, Brannon failed to properly administratively exhaust any discrimination or retaliation claims arising out of these events. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Therefore, the district court properly dismissed them.

**B.    *Assuming it is not waived on appeal, Brannon's claim for retaliation based on her being denied participation on a committee is not an adverse employment action.***

Again, on appeal Brannon appears to only challenge the district court's determinations about her alleged hostile work environment claim,

10

but, to the extent that she would assert that her supervisor retaliated against her by not letting her participate on a committee, that claim would not be time barred because the action occurred after she filed her EEO complaint.  In order to establish a retaliation claim under Title VII and the Rehabilitation Act, "a plaintiff must plausibly allege (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Little v. CSRA, Inc.*, 834 F. App'x 495, 499 (11th Cir. 2020) (citing *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012)).  In this context, "a materially adverse action" is an employer's act that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020).

Here, Brannon did not allege facts supporting that denial of her participation on the *ad hoc* EEO committee, which would have taken one to two hours of time, was a materially adverse action. *See Burlington N. & Santa Fe Rwy. Co. v. White*, 548 U.S. 53, 67 (2006) ("The antiretaliation provision protects an individual not from all retaliation, but from

11

retaliation that produces an injury or harm.").    At best, objectively Brannon being denied the one to two hours to participate on a committee was a trivial harm.  *See id.* at 68 ("And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence [against the employer].").    Therefore, Brannon did not appropriately plead an independent retaliation claim based on her committee denial.  *See McQueen v. Ala. Dep't of Trans.*, 769 F. App'x 816, 824 (11th Cir. 2019) ("However, we have held that neither an employee's 'fully successful' performance review . . . , nor his inability to attend certain committee meetings objectively constituted materially adverse actions, where the record showed that he suffered no more than mere frustration."); *see also Finizie v. Shineski*, 351 F. App'x 668, 674 (3d Cir. 2009) ("That is because being accorded *ad hoc* committee status was not a 'materially adverse' action, and thus cannot serve as basis for an action of retaliation.").

### C.    Brannon failed to allege facts supporting an inference of a Hostile Work Environment.

#### 1.    Brannon's amended complaint was unclear as to whether she asserted any hostile work environment claim.

The crux of Brannon's appeal is that the district court incorrectly found that she had not pled a hostile work environment.  It is unclear from Brannon's pleadings, though, that she intended to bring a hostile work environment claim.  She never specifically alleged her hostile work environment in a separate count.  Her amended complaint only mentions "hostile work environment" in its preliminary statement section, although it does also mention acts "that would dissuade a reasonable employee from engaging in protected activity."  (Doc. 18 at 1.)

Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  And "shotgun pleadings" which make "it [] virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" are "consistently condemn[ed]" by this Court.  *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,  77 F.3d 364, 366 (11th Cir. 1996); *Davis v. Coca-Cola*

*Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). Brannon's amended complaint arguably was improperly plead, including that it "incorporated all preceding counts" and "contained numerous facts not obviously connected with any particular cause of action." *See Cummings v. Mitchell*, No. 20-14784, 2022 WL 301697, at *1 (11th Cir. Feb. 2, 2022) (explaining four "sin[s]" of shotgun pleadings as outlined in *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015)).

### 2. Even assuming Brannon's amended complaint could be construed as alleging a hostile work environment claim, she still did not allege enough facts supporting the inference of such claim.

However, assuming Brannon pled a hostile work environment (which the district court alternatively did), she has not established a hostile work environment claim, even taking as true the facts contained in her complaint. "A hostile work environment claim is composed of a *series* of separate acts that collectively constitute one 'unlawful employment practice.'" *Morgan*, 536 U.S. at 117 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). A hostile work environment claim can be a combination of discrete acts and non-discrete acts. *See Chambliss v. La.-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007). Discrete acts include "termination,

14

failure to promote, denial of transfer, or refusal to hire[.]" *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008). Still, the hallmark of a hostile work environment claim is that it "'involves repeated conduct,' such as "'discriminatory intimidation, ridicule, and insult.'"" *Id.* (quoting *Morgan*, 536 U.S. at 114-16).

There are two types of hostile work environment claims. The first is premised on discrimination, and to succeed on such a claim, a person must demonstrate: "(1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Id.* (quotation marks omitted); *see also Thomas v. Esterle*, No. 21-10638, 2022 WL 2441562, at *4 (11th Cir. July 5, 2022) ("To prevail on a racially hostile environment claim, 'a plaintiff must show that the workplace is permeated with discriminatory intimidation, ridicule, and

15

insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'").

The second is a retaliatory hostile work environment claim, which is not a true hostile work environment claim but rather another form of retaliation. *See Babb v. Sec'y, Dep't of Veterans Affairs*, 992 F.3d 1193, 1206-07 (11th Cir. 2021). In order to demonstrate a retaliatory hostile work environment claim, a plaintiff must demonstrate that (1) she engaged in statutorily protected conduct; (2) she suffered a materially adverse employment action; and (3) there is a causal connection between the two. *See Monaghan*, 955 F.3d at 861; *Gowski v. Peake*, 682 F.3d 1299, 1311-12 (11th Cir. 2012) (recognizing retaliatory hostile work environment); *see also Lopez v. Whirlpool Corp.*, 989 F.3d 656, 664 (8th Cir. 2021); *Noviello v. City of Boston*, 398 F.3d 76, 88 (1st Cir. 2005). A "materially adverse employment action" is an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Monaghan*, 955 F.3d at 861. "The retaliatory acts must be material or significant and not trivial." *Edgerton v. City of Plantation*, 682 F. App'x 748, 750 (11th Cir. 2017) (citing *Burlington*, 548 U.S. at 68).

16

Here, it is unclear which type of hostile work environment Brannon intended to assert. For example, as mentioned above, while her amended complaint makes one mention of "hostile work environment" in the "preliminary statement," it does also make some reference to "conduct that would dissuade a reasonable employee from engaging in protected activity." (Doc. 18 at 1, 5, 6, 7.) Additionally, in her response to the government's motion to dismiss, Brannon again mentions only a "hostile work environment claim." (Doc. 20 at 1, 3, 4.) Even in her brief on appeal she confuses the issue, on the one hand discussing the retaliatory hostile work environment's "well might have dissuaded" element, while on the other hand citing the elements of the regular discriminatory hostile work environment, including the "severe or pervasive" element. (Brannon Br. 17.) Regardless, Brannon fails to allege facts supporting either a discriminatory or a retaliatory hostile work environment.

> ### a.    *Brannon failed to plead facts establishing the inference of a discriminatory hostile work environment.*

In this case, the district court, having little guidance from either the complaint or the response in opposition, appropriately construed Brannon's complaint as a discriminatory hostile work environment claim

17

and found that she failed to allege facts demonstrating a workplace permeated with sufficiently severe or pervasive discriminatory acts. (Doc. 31 at 8-10.)  There are "four factors that should be considered in determining whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza v. Borden, Inc.* 195 F.3d 1238, 1246 (11th Cir. 1999).  "The environment must be one that 'a reasonable person would find hostile or abusive' and that 'the victim . . . subjectively perceive[s] . . . to be abusive." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Indeed, in support of her hostile work environment claim, Brannon asserted actions that took place in December 2015 (placement on PIP and denial of weekend shift), November 2016 (a proposed removal), and April 2017 (denial of committee participation).  Four discrete incidents during approximately 16 months is not severe nor pervasive.  *See Mosley v. MeriStart Mgmt. Co.*, 137 F. App'x 248, 252 (11th Cir. 2005) ("Isolated or

18

sporadic incidents of harassment do not satisfy the 'severe or pervasive' standard of hostile work environment claim." (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 757-88 (1998))).  Moreover, the type of acts—denial of overtime opportunities, notice of proposed removal (which was not acted upon), placement on a PIP, and denial of participating on a committee—were not objectively severe, but instead trivial acts that, even in combination, did not rise to the level of an abusive work environment.  *See Harris*, 510 U.S. at 21.

Moreover, the district court properly dismissed Brannon's amended complaint because it was framed in an entirely speculative and conclusory way.  *See Nurse v. City of Alpharetta*, 775 F. App'x 603, 606 (11th Cir. 2019) (citing *Davis*, 516 F.3d at 974).  It did not allege any actual facts suggesting, let alone inferring, intentional discrimination. Instead, the amended complaint alleges that "[t]he conduct at issue was based on race or tainted by race," that her white supervisor "treated similarly situated white supervisees more favorably," and that the supervisor "has taken adverse employment steps against black employees more than white employees because of race," but does not allege facts supporting this. (Doc. 18 at 7, 9, 11.) These vague, conclusory

19

allegations are not enough to meet the required pleading standard.[3] *See id.* ("[The plaintiff] has offered neither a comparator nor any other specific facts that would raise his claim above the purely speculative."); *see also id.* at 607 ("[The plaintiff] has alleged no facts at all beyond the general and conclusory claims that white officers were subjected to less severe punishment.").

Based on the above, the district court did not err in dismissing Brannon's hostile work environment claim.

### b.    *Brannon failed to plead facts establishing the inference of a retaliatory hostile work environment.*

For essentially the same reasons as detailed above, Brannon failed to plead facts establishing the inference of a retaliatory hostile work environment. *See Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1268 (11th Cir. 2021) ("[W]e may affirm on any basis in the record, even if the district court did not actually rely on that basis."). Her claims are mostly

---

[3] The same can be said of Brannon's allegation that, at some point, "a few years" earlier, her supervisor attempted to get her to testify against another employee. Although Brannon asserts that her supervisor requested that she do this based on Brannon's race, she does not explain how that evinces discrimination against her, making it also vague and conclusory.

conclusory and vague, such as which protected activity was being retaliated against at what time. For example, although Brannon alleges that she refused her white supervisor's request to testify against another black employee, she does not assert facts demonstrating that this refusal was a statutorily protected activity. Moreover, to the extent that she would rely on the "Opposition Clause" under Title VII, she does not allege facts supporting that her supervisor was engaged in unlawful employment practices as to the other black employee; rather, her allegations on this point are vague and conclusory. *See Anduze v. Fla. Atl. Univ.*, 151 F. App'x 875, 878 (11th Cir. 2005). Finally, even if the refusal-to-testify event were statutorily protected, Brannon's vague reference to it occurring "a few years" before her 2017 EEO complaint is not enough to establish temporal proximity with her December 2015 PIP or subsequent incidents. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361,1364 (11th Cir. 2007) ("But mere temporal proximity, without more, must be 'very close.' . . . A three to four month disparity between he statutorily protected expression and adverse employment action is not enough.").

Beyond the refusal-to-testify event, it is unclear what other statutorily protected event prior to the March 2017 EEO complaint Brannon can rely on to establish a retaliatory hostile work environment. Thus, the only events that can reasonably constitute a retaliatory hostile work environment must have occurred after that complaint. But the sole event alleged after the EEO complaint was the denial of Brannon's participation on the *ad hoc* committee that met for only one to two hours total. As discussed above, this is a trivial slight, at most. Denying an employee the ability to participate on a one-time committee that only lasts for one to two hours total is not the kind of action severe enough to dissuad a reasonable worker from making or supporting a charge of discrimination. *See Burlington*, 548 U.S. at 68 ("We speak of *material* adversity because we believe it is important to separate significant from trivial harms.").

## CONCLUSION

For the reasons above, the Secretary respectfully requests this Court affirm the judgment of the district court.

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Justin G. Davids*

Justin G. Davids
Assistant United States Attorney
Missouri Bar No. 57661
*justin.davids@usdoj.gov*

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

23

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016.

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 4,217 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief  was filed today through this Court's ECF system, and thereby served on appellant Audrey Brannon's counsel of record, Georgia Alicia Lawrence and Stephen Wesley Woolf, at their Court-registered e-mail addresses, pursuant to Fed. R. App. P. 25(c)(1)(D) and 25(c)(2), and 11th Cir. R. 25-3(a).

This July 21, 2022.

Respectfully submitted,

DAVID H. ESTES
UNITED STATES ATTORNEY

***/s/ Justin G. Davids***

Justin G. Davids
Assistant United States Attorney

24

Missouri Bar No. 57661
*justin.davids@usdoj.gov*

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422